IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CAGGIANO ) | |
| ) | |
| Plaintiff, ) | No. 14 C 3378 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On May 8, 2014, plaintiff Michael Caggiano filed a one-count complaint against his former employer, the Illinois Department of Corrections, alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Before the court is defendant's motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons described below, the court denies defendant's motion.

**BACKGROUND**

Plaintiff alleges that he began working for defendant in November 1996. In April 2012, plaintiff was employed as a corrections officer at the West Side Adult Transition Center in Chicago. Plaintiff contends that he applied for FMLA leave for April 7 through 10, 2012, to care for his mother, Monica Grant, who was suffering from recurrent breast cancer and severe Chronic Obstructive Pulmonary Disease ("COPD"). On April 10, 2012, Dr. Douglas Merkel, an oncologist, submitted a letter to defendant confirming Ms. Grant's medical care and that plaintiff was "taking care" of her from April 7 through April 10, 2012.

Defendant's Compliance and Control Human Resources Functional Process Server, Dianna Clark, acknowledged receipt of plaintiff's FMLA request via email on April 19, 2012,

and gave plaintiff until May 4, 2012, to submit defendant's FMLA request forms. Plaintiff submitted the forms on April 30, 2012. As required, the FMLA request was signed by Ms. Grant's physician and confirmed her condition.

On June 15, 2012, plaintiff was placed on work suspension for unauthorized absences in April 2012. Plaintiff alleges that on June 23, 2012, he submitted an additional form requesting FMLA leave for the April 7 through April 10, 2012, time period. The form was signed by Ms. Grant's pulmonologist and confirmed Ms. Grant's medical condition. Two days later, defendant denied plaintiff's request for FMLA leave, stating that: "The Certification completed by your mother's Health Care Providers does not support your requested absences to care for your mother." On that same day, plaintiff was terminated by defendant for unauthorized absences in April 2012. Plaintiff alleges that defendant had previously granted him FMLA leave to care for his mother.

## **DISCUSSION**

Plaintiff's complaint alleges a "violation of the FMLA," without specifying which theory, interference or retaliation, under which the claim is brought. Defendant argues that plaintiff did not state an adequate claim under either theory. In his response brief, plaintiff acknowledges that he did not plead a retaliation claim. Accordingly, the court will address only defendant's arguments with respect to plaintiff's FMLA interference claim.

A.  **Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice

of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007), citing Conley v. Gibson, 355 U.S. 41, 47 (1957). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

**B.     Analysis**

The FMLA entitles an eligible employee to twelve workweeks of leave during any twelve-month period for certain qualifying reasons, including the need to care for a parent suffering from a serious health condition. 29 U.S.C. § 2612(a)(1). "To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection, their employer is covered by the Act, they are entitled to leave, they provided the appropriate notice, and their employer denied them benefits to which they were entitled." Daugherty v. Wabash Ctr., Inc., 577 F.3d 747, 750 (7th Cir. 2009), citing Smith v. Hope Sch., 560 F.3d 694, 699 (7th Cir. 2009). Defendant argues that plaintiff's FMLA interference claim should be dismissed because, (1) plaintiff was not entitled to FMLA leave, and (2) plaintiff did not provide sufficient notice to satisfy the FMLA notice requirement. In opposition to defendant's motion, plaintiff contends that defendant's arguments are factual in nature and do not demonstrate legal insufficiency as required by Rule 12(b)(6). Because the court agrees with plaintiff, defendant's motion is denied.

Defendant first argues that plaintiff's complaint should be dismissed because, "Plaintiff was not entitled to FMLA leave to care for his mother from April 7, 2012 to April 10, 2012." Defendant contends that plaintiff's FMLA leave request was denied because the physician certifications provided by plaintiff did not support his requested absences. According to defendant, for the certifications to be sufficient they had to provide the beginning date of his mother's need for care and possible duration. Because the certifications allegedly did not

include this information, defendant argues that plaintiff was not entitled to leave, and therefore defendant had a right to suspend and terminate plaintiff. In support of this argument, defendant cites Jones v. C&D Technologies, Inc., No. 10-CV-696, 2011 WL 4479053, at *5 (S.D. Ind. Sept. 27, 2011), arguing that "[w]hen an employee requests leave for a non-qualifying reason that is not supported by the physician's certification there is nothing in the FMLA that prevents an employer from" terminating the employee.

Defendant also argues that plaintiff's complaint should be dismissed because, "the April 10, 2012, doctor's letter confirming medical care and indicating Plaintiff was taking care of his mother was insufficient notice to satisfy the notice requirement." Citing McQueen v. City of Chicago, No. 09-C-2048, 2014 WL 1715439, at *6 (N.D. Ill. Apr. 30, 2014), defendant contends that because defendant had previously granted plaintiff FMLA leave to care for his mother, the doctor's notice had to "specify the qualifying reason or the need for FMLA leave to 'take care' of his mother." Defendant argues that because the April 10, 2012, letter from Ms. Grant's doctor did not include this information, notice of plaintiff's intent to take FMLA was insufficient. Defendant also notes that the subsequent doctor confirmations did not specify that plaintiff needed to take leave from April 7 to April 10, 2012.

Plaintiff correctly asserts that both of defendant's arguments are fact-specific questions and improper grounds for a Rule 12(b)(6) dismissal. Through its motion to dismiss, defendant seeks to litigate the merits of this case. Reynolds v. Inter-Industry Conference on Auto Collision Repair, 594 F. Supp. 2d 925, 927 (N.D. Ill. 2009) ("The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case."). At the pleading stage, plaintiff does not have to prove whether the physician notes he submitted to support his request for leave were sufficient to entitle him to leave or to put defendant on notice of the need

for FMLA leave. These are factual issues that can be disputed at a later time in this litigation. See, e.g., Burnett v. LFW Inc., 472 F.3d 471, 479 (7th Cir. 2006) ("adequacy of notice is a fact-specific question"). Plaintiff need only allege (and has alleged) that defendant was put on notice of the duration (April 7-10, 2012) and reason (plaintiff's mother's severe illness) entitling him to take FMLA leave. Defendant's reliance on Jones, 2011 WL 4479053, and McQueen, 2014 WL 1715439, is misplaced. Both cases involved motions for summary judgment, which entail factual inquiries that are not permissible here.

As discussed above, plaintiff's complaint need only describe the claim in sufficient detail to give defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 545. Plaintiff's allegations must be plausible, not proven. Id. at 547. Although not required, the complaint alleges each of the five elements required to establish an FMLA claim: (1) plaintiff worked in excess of 1,250 hours and for more than a year for defendant; (2) his mother suffers from breast cancer and COPD, both of which qualify as "serious health conditions" under the FMLA; (3) plaintiff notified defendant multiple times of his need to take FMLA leave; and (4) defendant wrongfully denied plaintiff FMLA leave to which he was entitled. Although plaintiff does not specifically allege that defendant is an employer subject to the FMLA, the complaint states that defendant previously granted plaintiff FMLA leave, indicating defendant is covered by the act. These allegations state a claim for relief that is both plausible and serves to put defendant on notice as to plaintiff's claim, thereby satisfying the pleading standard.

## CONCLUSION

For the reasons discussed above, the court denies defendant's motion to dismiss. Defendant is directed to answer the complaint on or before November 12, 2014. The parties are

directed to prepare and file a Joint Status Report using this court's form on or before November 13, 2014. The status hearing previously set for October 29, 2014, is continued to November 20, 2014, at 9:00 a.m.


**ENTER:**     **October 15, 2014**

                                        _____
                                        **Robert W. Gettleman**
                                        **United States District Judge**